UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**RUTILIO PORTILLO A/K/A "PANTERA"** | Criminal No. 15-10338-FDS |

### SENTENCING MEMORANDUM OF THE UNITED STATES

The United States files this brief sentencing memorandum to assist the Court in imposing a reasonable and just sentence in the case against Rutilio Portillo a/k/a "Pantera." The defendant pled guilty to Count 2 (RICO conspiracy) and Count 11 (conspiracy to distribute marijuana). For the reasons below and those to be articulated at the sentencing hearing, the government requests that the Court impose a Guideline sentence of 30 months in custody, to be followed by the mandatory minimum of at least 2 years of supervised release.

### ARGUMENT

Under the terms of the Plea Agreement between the parties, the parties agreed that the defendant would get an additional level under the grouping rules for his marijuana conspiracy, which would have resulted in a Guideline Range of 27-33 months. Probation has not added that grouping level, thus resulting in Probation calculating the Guideline Range as 24-30 months. The Court need not affirmatively decide this issue at sentencing, because the government is seeking a sentence of 30 months, which, regardless of the range chosen, would result in a Guideline sentence.

The nature and circumstances of the offense, and the other factors articulated in 18 U.S.C. § 3553(a), support the government's recommendation for a sentence of 30 months. The government highlights a few reasons why such a sentence is appropriate:

*First*, the defendant was a homeboy or full member of the ELS clique of MS-13. PSR at ¶ 22. As the Court is aware, it is a meaningful step for an MS-13 member to become a homeboy, and it generally involves the commission of a significant act of violence. In this case, the government has been unable to prove the commission of any act of violence by this defendant that will increase his guideline range above the minimum RICO level, but that does not negate the fact that the defendant is a homeboy in MS-13, which is a highly troubling factor that warrants significant punishment and deterrence.

*Second*, although the government was unable to prove an individual act of violence by the defendant in furtherance of the conspiracy, it is clear that he had knowledge about MS-13 members committing violence*, see* PSR at ¶30, and he played a prominent role in selling marijuana on behalf of MS-13, which funded the activities of the ELS clique. *See* PSR at ¶ 26. The government also uncovered evidence of the defendant's interactions with, and knowledge of, leadership in El Salvador. PSR at ¶¶ 27, 33.

*Third*, although the government is not seeking a leadership enhancement for role in the offense, it is clear that the defendant played a role in grooming, encouraging, and directing younger members of MS-13. *See* PSR at ¶ 31. The government is not seeking an enhancement for use of minor either, but again, the

grooming of younger members into a gang known for such violence is a compelling sentencing factor that supports the government's recommendation.

*Fourth*, and relatedly, it is clear that the defendant was familiar with, and involved in, internally disciplining members of the ELS clique, *see* PSR at ¶ 32, and the evidence separately shows that the ELS clique was one of the largest and most violent MS-13 cliques operating in Massachusetts, *see* PSR at ¶ 25.

*Fifth*, although Probation disagrees with giving the defendant an extra point for a separate grouping for the marijuana conspiracy, it is clear that the defendant played a prominent role in distributing marijuana and had multiple different sources of supply for his marijuana trafficking. PSR at ¶¶ 34-36. Putting aside whatever harm marijuana trafficking may cause in the abstract, in this case, any harm caused by the drug itself is magnified because the money from the marijuana trafficking is being used by a violent transnational gang to fund and support its criminal activities.

*Finally*, the defendant is in the United States illegally, which is sometimes used as a mitigating factor at sentencing (*i.e.*, the defendant will be deported anyway so no need to sentence him to additional time). In actuality, the defendant's immigration status is an aggravating factor where §3553(a) factors such a promoting respect for the law and affording adequate deterrence call for higher sentences. Here, the defendant already has a prior criminal conviction for illegal entry to the United States. *See* PSR at ¶ 54. Not only did the defendant then re-enter the country illegally after his prior criminal conviction, but he also joined a violent racketeering conspiracy once he was here.

grooming of younger members into a gang known for such violence is a compelling sentencing factor that supports the government's recommendation.

*Fourth*, and relatedly, it is clear that the defendant was familiar with, and involved in, internally disciplining members of the ELS clique, *see* PSR at ¶ 32, and the evidence separately shows that the ELS clique was one of the largest and most violent MS-13 cliques operating in Massachusetts, *see* PSR at ¶ 25.

*Fifth*, although Probation disagrees with giving the defendant an extra point for a separate grouping for the marijuana conspiracy, it is clear that the defendant played a prominent role in distributing marijuana and had multiple different sources of supply for his marijuana trafficking. PSR at ¶¶ 34-36. Putting aside whatever harm marijuana trafficking may cause in the abstract, in this case, any harm caused by the drug itself is magnified because the money from the marijuana trafficking is being used by a violent transnational gang to fund and support its criminal activities.

*Finally*, the defendant is in the United States illegally, which is sometimes used as a mitigating factor at sentencing (*i.e.*, the defendant will be deported anyway so no need to sentence him to additional time). In actuality, the defendant's immigration status is an aggravating factor where §3553(a) factors such a promoting respect for the law and affording adequate deterrence call for higher sentences. Here, the defendant already has a prior criminal conviction for illegal entry to the United States. *See* PSR at ¶ 54. Not only did the defendant then re-enter the country illegally after his prior criminal conviction, but he also joined a violent racketeering conspiracy once he was here.

For the reasons above, and those to be articulated at the sentencing hearing, the Court should sentence the defendant to ***30 months in custody followed by two years of supervised release***.

                                                  Respectfully submitted,

                                                  ANDREW E. LELLING
                                                  United States Attorney

By:   <u>/s/ Kunal Pasricha</u>
        Kunal Pasricha
        Glenn A. MacKinlay
        Christopher Pohl
        Kelly B. Lawrence
        Assistant United States Attorneys

## **CERTIFICATE OF SERVICE**

      I, the undersigned, certify that the foregoing document was filed through the Electronic Court Filing (ECF) system and will be sent electronically to the registered participants as identified in the Notice of Electronic Filing.

                                                  /s/ Kunal Pasricha
                                                  KUNAL PASRICHA
                                                  Assistant United States Attorney